## PEOPLE *versus* VIRGIL M. ROSE
### March 29, 1842.

. . . . . . . . . , prosecuting attorney.
M. L. Drake, attorney for defendant.

[INDORSEMENT]

[Sup.] Court 4th Cir.
                    Jan$^y$ 1842

The People
    vs.
Rose

                Mem° of Opinion
29 March '42
        Dem$^r$ overruled,
        order that Deft
        plead over—

[OPINION]

The People
vs.
Virgil M. Rose

---

On questions reserved and certified from Oakland Circuit, by the Presiding Judge of that Circuit—

The Deft was indicted in the Court below for Larceny—Indict$^t$ exhibited and filed 15 Oct. '39—Charging the offense to have been committed on the 6th March 1838—and alleging the property stolen to be of the value of $82.

—To this Indict$^t$ the Deft demurred generally.

The grounds urged in support of the Dem$^r$ are

1. The the act for the punishment of crimes, which was in force on the 6th of March 1838, the time when this offense was alleged to have been committed, was repealed when the Rev. Stat. went into operation on the 1 Sept 1838—

2. That if by the saving clause in the Rev. Stat. repealing the former act for the punishment of crimes the Deft might have been Indicted, notwithstanding such repeal, yet that by the act of the          of          1840, so much of the Rev. Stat. as prescribed the punishment in case of Larceny, was repealed, and therefore the Deft cannot be punished for the offense—

1. As to the repeal of the act for the punishment of crimes by the Rev. Stat.—

In the Repeating part of the Rev. Stat. there is an exception in the 6th Section respecting criminal offenses—It is in these words—"No offense committed, or penalty, or forfeiture incurred, under any of the acts hereby repealed, and before the time when such repeal shall take effect, shall be affected by such repeal, except that when any punishment, penalty or forfeiture shall have been

mitigated by the provisions of this act, such provisions may be extended and applied to any judgment to be pronounced after the said repeal"—

Here then is an express provision that offenses committed under the former act which was repealed by the Rev. Stat. may be punished in the same manner, as if the former act had not been repealed, with this exception only, that in case the penalty under the formerly law were mitigated by the Rev. Stat. that such mitigated punishment should be applied—

—The repeal of the former act, by the Rev. Stat. does not therefore exempt the Deft from indictment, conviction and punishment for an offense committed before the Rev. Stat. took effect.

2. As to the effect of the act of the 14 of March 1840. upon this prosecution—

That part of the Rev. Stat. which prescribed the punishment for Larceny, was repealed by the act of March 14. 1840—And a new provision was made by that act for the punishment of Larceny—being the same as that in the Rev. Stat. except that it abolished the distinction made in the Rev. Stat. between Grand and Petit Larceny, and authorised the Court to sentence the offender to imprisonment in the State prison when the property stolen should be of less value than $100 But this does not affect any criminal act committed under the act in force for the punishment of crimes previous to the taking effect of the Rev. Stat.—

Because all that a party convicted could claim under the Rev. Stat. was that, if by the Rev. Stat. the punishment was mitigated, he should have the benefit of that mitigation—And if the mitigated provisions of the Rev. Stat. were subsequently repealed, he was left then under

the provisions of the act, in force at the time the offense was committed—

For it will be observed, that the saving exception in the Rev. Stat. is, that—"No offense committed before the taking effect of the Rev. Stat. shall be affected by such repeal, except that the accused shall have the benefit of any mitigated punishment provided by the Rev. Stat.

The repeal of such mitigating provisions of the Rev. Stat. left the offender under the provisions of the act in force when the offense was committed—and wholly unaffected by the Repeal part of the Rev. Stat.—

The Dem[r] therefore is overruled—